UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BYRON O'MALLEY

   Plaintiff,

vs.

CIVIL ACTION NO.:

CARDINAL CONCRETE, LLC AND
THOMAS E. BRAMBLEY

   Defendants

---

**COMPLAINT**

**INTRODUCTION**

Plaintiff Byron O'Malley asserts claims for unpaid overtime wages on behalf of himself pursuant to the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), against Defendants Cardinal Concrete, LLC and Thomas E. Brambley, individually, (collectively "Defendants") due to Defendants' actions of: (1) intentionally misclassifying him as an independent contractor; and (2) failing to pay him one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week. In so doing, Defendants acted in a coordinated and calculated scheme

and, with a common practice and purpose, deliberately and willfully violated Plaintiff's rights under the FLSA.

## JURISDICTION

1. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Northern District of Florida is where "a substantial part of the events or omissions giving rise to the claim occurred . . . ."

## PARTIES

3. Plaintiff O'Malley at all times pertinent hereto was a resident of the State of Florida and worked for Defendants performing residential concrete construction services in and around Northwest Florida since approximately 20006. He worked for Defendants in this manner until February 2022, when he was terminated after suffering an on-the-job injury.

4. Named Defendants herein are:

   a. Cardinal Concrete, LLC, a Florida corporation authorized to do and doing business in the State of Florida and in the Northern District of Florida during the time periods complained of herein.

   b. Thomas E. Brambley, a resident of Florida and the owner of Cardinal Concrete, LLC. Thomas Brambley was directly involved in the policies complained of herein. Thomas Brambley is alleged to be liable as Plaintiff's joint employer under the FLSA.

## PLAINTIFF IS COVERED BY THE FAIR LABOR STANDARDS ACT

5. Defendants are in the business of providing residential concrete construction services. Defendants do significant business in Northwest Florida.

6. Plaintiff was hired by Defendants to perform residential concrete construction services for them in Florida in or around 2006.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. Specifically, Plaintiff utilized materials and equipment that originated outside the State of Florida to perform his job and utilized interstate wires to communicate and make financial transactions as a routine part of his jobs while employed by Defendants.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

11. Specifically, Defendants were responsible for hiring, firing, supervising, issuing payment to Plaintiff and implementing the employment and payroll policies complained of herein and Plaintiff was economically dependent upon Defendants.

12. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## FACTUAL BACKGROUND

15. In or around 2006, Defendants retained Plaintiff to perform residential concrete construction services.

16. Plaintiff was paid on an hourly basis. Initially at a rate of $17.00 to $18.00 per hour, but he has been paid at a rate of $25.00 per hour since at least 2014.

17. Plaintiff was never paid on a salary basis; his pay was dependent upon the number of hours that he worked and his paystubs reflect as such.

18. Plaintiff regularly and routinely worked 5 or 6 days a week, averaging 60 to 65 hours per week for Defendants.

19. However, despite the fact that he regularly and routinely worked in excess of 40 hours per week for Defendants, Plaintiff was not paid at a rate of pay of one and one-half times his regular rate of pay for the hours he worked in excess of 40 per week.

20. At the time he was initially hired, Plaintiff was identified by Defendants as a "W-2" employee. Most of the approximately 30 other employees were similarly classified as "W-2" employees.

21. However, in or around 2014, Defendants decided to designate all but a handful of its 30-odd person workforce who had been previously categorized as W-2 employees to 1099 independent contractors.

22. Defendants' stated purpose for this change was to save money.

23. Neither Plaintiff nor the other employees' job descriptions or hours changed after this switch.

24. However, Plaintiff continued to not be paid overtime for the hours that he worked in excess of 40.

25. In February 2022, Plaintiff was involved in an automobile accident that occurred while he was on the job.

26. In response, Defendants terminated him.

## COUNT I: CLAIM FOR VIOLATION OF FEDERAL OVERTIME WAGE REQUIREMENTS

27. Defendants are employers covered by the overtime wage mandates of the FLSA, and Plaintiff was entitled to be paid overtime under the FLSA.

28. Defendants violated the FLSA by failing to pay Plaintiff the legally mandated overtime rate of pay for every hour that he worked in excess of 40 per week.

29. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if he was

6

exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

30. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

31. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the federally mandated overtime rate of pay for all hours worked when they knew, or should have known, such was and is due.

32. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

33. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered lost overtime wages plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

35. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## ATTORNEY'S FEES

36. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA. 29 U.S.C. § 201-209.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Byron O'Malley prays that Defendants be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and against Defendants for all damages reasonable in the premises, and demands a judgment containing the following:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

b. Enjoining Defendants from engaging in future overtime wage pay or other FLSA violations;

c. Awarding Plaintiff overtime compensation for the hours worked for Defendants in excess of 40 per week;

d. Awarding Plaintiff liquidated damages in an amount equal to the overtime wage compensation award;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiff pre-judgment interest; and

g. Awarding Plaintiff all other relief to which he is entitled.

Dated: March 15, 2022

Respectfully submitted,

/s/ *Mary Bubbett Jackson*

Mary Bubbett Jackson, (FL Bar No. 100852)
**JACKSON+JACKSON**
1992 Lewis Turner Blvd, Suite 1023
Fort Walton Beach, Florida 32547
T: (850) 200-4594
F:  (888) 988-6499
E: mjackson@jackson-law.net
Attorney for Plaintiff